# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREVIL EXANTUS AND | : | |
| ANNETTE EXANTUS | : | |
|     Plaintiffs | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:06-CV-1601(JCH) |
| | : | |
| METROPOLITAN PROPERTY & | : | |
| CASUALTY INSURANCE COMPANY | : | MARCH 2, 2007 |
|     Defendant | : | |

## RULING ON MOTION TO REMAND (DOC. NO. 12)

This motion arises from the Notice of Removal filed by the defendant, removing this case from the Superior Court of Connecticut at Stamford to the United States District Court for the District of Connecticut pursuant to sections 1441, 1446 and 1332 of Title 28 of the United States Code. Plaintiffs now seek to remand the case back to the state court pursuant to section 1332(c)(1). The case involves insured plaintiffs seeking recovery from their insurance company for damages caused to their home by a fire. For the following reasons, the Motion to Remand is denied.

Plaintiffs contend that the District Court lacks subject matter jurisdiction, relying solely on the United States Code section 1332(c)(1) of Title 28. This statute states in pertinent part that:

(c) For the purposes of this section and section 1441 of this title--

   (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by

1

> which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).  Whether this case falls within section 1332(c)(1) turns on the question of what is a "direct action."

Every court that has addressed this question has concluded that the plaintiffs' action, one by an insured against his own insurer, is not a "direct action" under section 1332(c).  See Carpentino v. Transport Ins. Co., 609 F. Supp. 556 (D.C.Conn. 1985) (where insurance liability is based on the insurer's own actions and not on the actions of the insured, there is no direct action); see also Bowers v. Cont'l Ins. Co., 753 F.2d 1574, 1576 (11th Cir. 1985) (insured's suit against his own no-fault insurer is not a direct action), cert. denied, 473 U.S. 906 (1985); Hayes v. Allstate Ins. Co., 722 F.2d 1332, 1334 (7th Cir. 1983) (when insured brings an action against insurer for money not paid on a fire insurance policy this is not a direct action under § 1332(c)); R.L. Vallee, Inc., v. Am. Int'l Specialty Lines Ins. Co., 431 F. Supp. 2d 428 (D.Vt. 2006) (suit by insured against insurer is not a direct action because based on the wrongs of the insurance provider).

In enacting section 1332(c), Congress was responding to state-created, direct action statutes, which allowed an injured person to sue an insurance company directly without first bringing an action or obtaining a judgment against the tortfeasor.  See, e.g., La.Rev.Stat.Ann. § 22:655(B)(1) (1992).  These direct action statutes were being used to evade the state courts and bring actions in the federal district courts based on diversity of citizenship between the injured insured and the insurance company.  See Rosa v. Allstate Ins. Co., 981 F.2d 669, 673 (2d Cir. 1992).  In order to prevent the artificial diversity that resulted from these direct action statutes, Congress provided that an

insurance company is deemed to be, inter alia, a citizen of the state of citizenship of the insured tortfeasor. 28 U.S.C. § 1332(c)(1). The intent, therefore, was to eliminate diversity jurisdiction when the tortfeasor and victim were both citizens of the same state. See Rosa, 981 F.2d at 673.

The Second Circuit has addressed the issue of what is a "direct action" in light of the intentions of Congress in Rosa v. Allstate Ins. Co., 981 F.2d 669 (2d Cir. 1992). "[T]he general rule is that the proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer [either] by the insured for failure to pay policy benefits . . .. " Id. at 675 (footnote omitted); see also Bowers, 753 F.2d at 1576; Mazzuka v. SMA Life Assurance Co., 726 F. Supp. 1400, 1401 (E.D.N.Y. 1990) (suit by insured against insurer of a health insurance policy is not a direct action). "Direct actions" under section 1332(c), therefore, arise only when the insured is a tortfeasor who is insured. "Liability insurance is that form of insurance by which the insured is indemnified against loss or liability on account of bodily injuries sustained by others, . . . or in a broader sense, against loss or liability on account of injuries to property." Aetna Cas. & Sur. Ins. Co. v. Greene, 606 F.2d 126, 123 (6th Cir. 1979). A suit is not a direct action "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." Rosa, 981 F.2d at 675 (citations omitted).

It is clear from the complaint that this is not a situation where the liability claimed against the insurance company could be imposed on the insured. The insured persons are the ones bringing suit against their insurance company. This is, therefore, not a

3

claim based on liability insurance, and thus is not a direct action within the meaning of section 1332(c).

The statute the plaintiffs rely on in their Motion to Remand does not apply to their type of case where insured plaintiffs sue their own insurance company for the alleged wrongs of the insurer. The court has found no case law which supports plaintiffs' Motion to Remand; indeed, plaintiffs have cited no cases. All courts that have addressed the question of what is a direct action under section 1332(c) have determined that an action by an insured plaintiff against his own insurance company does not qualify as a direct action under this statute. Because this case is not a direct action, section 1332(c) does not apply. Therefore, plaintiffs' Motion to Remand (Doc. No. 12) is denied.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 2nd day of March, 2007.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge